IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-03029-REB-MJW

STACEY WILLIAMS,

Plaintiff(s),

v.

GATE GOURMET, INC.,

Defendant(s).

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that the Non-Party Employers Edge's Motion to Quash Subpoena *Duces Tecum* and Memorandum of Law (docket no. 1) is GRANTED for the reasons stated below and pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i) and (iv).  See Masters v. Gilmore, 2009 WL 4016003 (D. Colo. Nov. 17, 2009) ("Rule 45 requires that the recipient of a subpoena timely files a motion to quash or modify the subpoena if it (1) fails to allow a reasonable time to comply, (2) requires disclosure of privileged or other protective matter, or (3) subjects a person to undue burden. . . .  The objecting party has the burden of showing that the discovery requested is objectionable.").

This court finds that the requested information in the subject Subpoena Duces Tecum (exhibit D) (hereinafter "Subpoena") attached to the subject motion (docket no. 1) is overly broad, vague, and ambiguous in that it seeks information in the form of documents regarding thousands of Defendant Gate Gourmet, Inc., employees for the last five (5) years.  This court further finds that the Subpoena requests documents related to "2200 Aviation Blvd." and "Bldg. 300" and the Non-Party Employers Edge, LLC, is without means to determine the physical address or building to which Defendant Gate Gourmet, Inc. employees are assigned.  Lastly, this court finds that the Subpoena, even if it was not overly broad, vague, and ambiguous, does not provide for a reasonable time to comply and it is unduly burdensome.  The Subpoena was served on the Non-Party Employers Edge, LLC, on December 17, 2009, with a return date for such Subpoena on December 30, 2009, at 11:00 a.m. *See* paragraph 7 in exhibit A, Affidavit of Stephen D. Bell, a partner in Non-Party Employer's Edge, LLC.

It is **FURTHER ORDERED** that "Respondent Stacey Williams' Response to Motion to Quash" (docket no. 5), which was docketed as a pending motion but really is a response to the docket no. 1 above, is **DENIED**.

2

It is **FURTHER ORDERED** that each party shall pay their own attorney fees and costs for these "motions" (docket nos. 1 and 5).

Date: February 5, 2010